MARGARET W. SERRANO (299983)
Margaret.Serrano@nlrb.gov
STEPHANIE CAHN
Stephanie.Cahn@nlrb.gov (189277)
WILLIAM M. PATE (45734)
William.Pate@nlrb.gov
National Labor Relations Board, Region 21
888 South Figueroa Street, Ninth Floor
Los Angeles, California 90017
Telephone: (213)894-5229
Facsimile: (213)894-2778
Attorneys for Petitioner

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD, ON RELATION OF AMERICAN APPAREL, INC.,<br><br>Applicant,<br>v.<br><br>DOV CHARNEY,<br><br>Respondent. | Civil No.<br><br>NLRB'S Application for Order Requiring Compliance with American Apparel's Administrative Subpoena Duces Tecum<br><br>Date:      , 2016<br>Time:<br>Judge:<br>Ctrm: |

    The National Labor Relations Board, hereinafter referred to as the Board, of the Board's 21st Regional Office, herein Applicant, an administrative agency of the United States Government, created pursuant to the National Labor Relations Act, as amended, 29 U.S.C. § 151 et seq., hereinafter referred to as the Act, respectfully

1

applies to this honorable court, pursuant to Section 11(2) of the Act (29 U.S.C. § 161(2)), for an order requiring Dov Charney, herein Respondent, to comply with an administrative subpoena duces tecum issued by American Apparel, Inc., herein Employer, and duly served on Respondent. In support of this application, upon information and belief, the Board respectfully shows as follows:

1. This Court has jurisdiction of the subject matter of this proceeding, and of Respondent, by virtue of Section 11(2) of the Act. The inquiry in aid of which the subpoena was issued was carried on within this judicial district and Respondent is engaged in business in this judicial district at his address in Los Angeles, CA.

2. Pursuant to the provisions of Section 6 of the Act, 29 U.S.C. § 156, the Board issued Rules and Regulations hereinafter referred to as the Board's Rules, governing the conduct of its operations, which rules have been duly published in the Federal Register (24 F.R. 9095), as provided for in the Administrative Procedures Act (5 U.S.C. § 552). This court may take judicial notice of the Board's Rules by virtue of 44 U.S.C. §1507.

3. In accordance with Section 102.31(d), 29 C.F.R. § 102.31(d) of the Board's Rules, Applicant is filing this application on behalf of the Employer, and will not take responsibility for the effective prosecution of this matter before the Court beyond these initial filings. The Employer will be responsible for litigating this matter beyond these initial filings.

4. This application arises as a result of a representation hearing which began on November 23, 2015, in response to an election petition filed against the Employer on November 12, 2015 by the General Brotherhood of Workers of American Apparel ("Union"). The election petition entitled "RC Petition" is attached as Exhibit 1, and the Board's Notice of Representation Hearing, dated November 13, 2015, which set the hearing date, is attached as Exhibit 2. On November 20, 2015, the Employer filed a Statement of Position in which it alleged, among other things, that the Union is not a labor organization under the

Act, and that Respondent's involvement in the Union creates such a conflict of interest that the Union cannot be certified. A copy of the Employer's Statement of Position is attached as Exhibit 3.

5. In accordance with the Board's Rules, Section 102.31(a), 29 C.F.R. § 102.31(a), on November 16, 2015, at the Employer's written request, Applicant provided the Employer with subpoena duces tecum in blank for its use during the above-mentioned representation hearing.

6. The Employer served the completed Subpoena Duces Tecum B-1 - P6SO5T upon Respondent, herein Subpoena, on November 18, 2015.

7. The Subpoena required Respondent to testify and produce certain documents delineated at the hearing on November 23, 2015. A copy of the completed Subpoena is attached hereto as Exhibit 4.

8. Respondent petitioned to revoke the Subpoena on November 20, 2015. A copy of the Petition to Revoke Subpoena is attached hereto as Exhibit 5.

9. The Employer filed an Answer to Respondent's Petition to Revoke Subpoena in which it opposed the revocation of the Subpoena on November 23, 2015. A copy of the Employer's Answer to Respondent's Petition to Revoke Subpoena is attached hereto as Exhibit 6.

10. Respondent did not appear before the hearing officer at the hearing in November 2015, as the Subpoena required. The relevant excerpts of the hearing transcript which reflect this absence are attached as Exhibit 7.

11. The hearing record was closed on November 30, 2015 and prior to the record closing, the hearing officer declined to enforce the Subpoena and referred the issue of Respondent's noncompliance with the Subpoena, to the Regional Director of the Board's Region 21 for review. The relevant excerpts of the hearing transcript which reflect this decision are attached as Exhibit 8.

12. On December 28, 2015, the Regional Director issued an Order Re-Opening Representation Hearing and Notice of Re-Opening of Representation

Hearing Record, in which she directed the re-opening of the hearing record for the purpose of considering enforcement of the Subpoena against Respondent, among other things. The Regional Director explained in this order that that the additional information sought in the Subpoena would be useful to her in rendering a decision on two matters at issue in the hearing: whether certification of the Union would give rise to a conflict of interest; and the Union's status as a Section 2(5) labor organization. A copy of the Order Re-Opening Representation Hearing and Notice of Re-Opening of Representation Hearing Record is attached as Exhibit 9.

13. The hearing reopened on January 11, 2016, at which time the parties set forth their arguments regarding whether or not the petition to revoke the Subpoena should be granted or denied. After weighing the parties' positions, the hearing officer ruled that Respondent's petition to revoke the Subpoena was denied. The relevant excerpts of the hearing transcript which reflect this ruling are attached as Exhibit 10.

14. On January 12, 2016, Respondent failed to comply with the Subpoena and did not appear at the hearing with the requested documents or to testify. As a result, the Employer requested that the Board enforce the Subpoena against Respondent. In response, the hearing officer stated to the parties that this request was granted, and that the Board's General Counsel would initiate the instant enforcement proceedings. The relevant excerpts of the hearing transcript which reflect Respondent's non-compliance with the Subpoena and the hearing officer's granting the request to enforce the Subpoena are attached as Exhibit 11.

15. Respondent's failure to comply with the Subpoena, constitutes contumacious conduct within the meaning of Section 11(2) of the Act. Furthermore, Respondent's conduct has impeded and continues to impede the Board in the representation hearing matter before it, by delaying the closing of the record and preventing the Board from carrying out its duties and functions under the Act.

WHEREFORE, in view of Respondent's contumacious conduct, the applicant National Labor Relations Board, respectfully prays:

1. That an order issue requiring Respondent Dov Charney to appear before the hearing officer of the Board, at such time and place as the Regional Director may designate, and to produce the subpoenaed records, give testimony, and answer any and all questions relevant and material to the matters in question in the proceedings before the Board; and

2. That the Employer be granted such other and further relief as may be necessary and appropriate.

Dated at Los Angeles, California, this 4th day of February, 2016.

Respectfully submitted,

/s/ Margaret W/ Serrano
Margaret W. Serrano
Attorney for Applicant
National Labor Relations Board